UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COCA-COLA PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION (NO. II)     MDL No. 2555

### TRANSFER ORDER

**Before the Panel**:[*] The Coca-Cola defendants[1] seek centralization of this litigation, which concerns the alleged deceptive labeling of the Coca-Cola soft drink, in the Northern District of California. This litigation currently consists of six actions pending in the Northern District of California, the Northern District of Illinois and the Eastern District of New York, as listed on Schedule A.

Responding plaintiffs oppose centralization. Plaintiffs in two Northern District of California actions (*Engurasoff* and *Aumiller*) and the Eastern District of New York action alternatively suggest centralization in the Eastern District of New York. Plaintiff in the Northern District of Illinois action alternatively suggests centralization in the Northern District of Illinois.

On the basis of the papers filed and the hearing session held, we find that all six actions share factual questions arising out of allegations that defendants marketed Coca-Cola in a manner that is allegedly misleading to consumers. In particular, this litigation will involve questions as to whether phosphoric acid was properly identified on Coca-Cola beverage labels (including whether it should have been identified as an artificial flavoring or chemical preservative) and whether defendants' marketing that included representations such as "no artificial flavors. no preservatives added. since 1886" was misleading. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs oppose centralization primarily because the litigation consists of only a limited number of actions which contain fairly straightforward allegations. We disagree. In the past, we have viewed centralization as unnecessary in straightforward marketing and sales practices dockets

---

[*] Judges John G. Heyburn II and Ellen Segal Huvelle took no part in the decision of this matter. Other Panel members who could have been members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Coca-Cola Company; Coca-Cola Refreshments USA, Inc.; BCI Coca-Cola Bottling Company of Los Angeles; and Coca-Cola Bottling Company of Sonora, California, Inc. (collectively Coca-Cola).

-2-

involving the alleged misbranding of consumer food products.[2] But we have transferred food misbranding litigation that involved more complicated factual assertions regarding whether a product is "natural."[3] This litigation more closely resembles the latter cases than the former. If the cases proceed to discovery, numerous and complex issues of fact may be implicated, such as: consumers' perceptions of Coca-Cola, defendants' "Pemberton" marketing campaign (through which they marketed Coca-Cola as unchanged since 1886 in an alleged attempt to gain consumers who were increasingly choosing other beverages with natural ingredients), and whether consumers paid any so-called "price premium" in reliance upon the way that phosphoric acid is labeled on Coca-Cola.

      The Northern District of California is an appropriate transferee court for this litigation. Four actions are pending in this district, including the first-filed action. Judge Jeffrey S. White is well-versed in the nuances of multidistrict litigation and is currently presiding over those actions. We are confident that he will steer this litigation on a prudent course.

---

[2] *See, e.g., In re: Nutella Mktg. and Sales Pracs. Litig.*, 804 F. Supp. 2d 1374 (J.P.M.L. 2011) (denying centralization of three actions concerning "alleged misrepresentations of Nutella as a healthy and nutritious food"); *In re: Skinnygirl Margarita Beverage Mktg. and Sales Pracs. Litig.*, 829 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011) (denying centralization of six actions where "the central allegation that Skinnygirl Margarita beverage was marketed as being all natural despite some level of sodium benzoate appears to be undisputed"); *In re: Kashi Co. Mktg. & Sales Pracs. Litig.*, 959 F. Supp. 2d 1357, 1358 (J.P.M.L. 2013) (denying centralization of cases alleging defendant misleadingly listed "evaporated cane juice" or "evaporated cane juice crystals" on the labels of certain products, noting "apparent lack of factual complexity" and limited number of actions).

[3] *See, e.g.*, *In re: Frito-Lay N. Am., Inc., "All-Natural" Litig.*, 908 F. Supp. 2d 1379, 1380 (J.P.M.L. 2012) (centralizing seven actions on the grounds that they all "share factual questions arising out of allegations that Frito-Lay markets and labels certain food products grown from genetically modified organisms as 'All Natural,' in a manner that is allegedly misleading to consumers"); *In re: Tropicana Orange Juice Mktg and Sales Pracs. Litig.*, 867 F. Supp. 2d 1341 (J.P.M.L. 2012) ("These actions share factual questions arising out of allegations that Tropicana deceptively markets its not-from-concentrate orange juice as '100% Pure & Natural Orange Juice,' when in fact the orange juice is extensively processed.").

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Jeffery S. White for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Marjorie O. Rendell
Acting Chairman

Charles R. Breyer          Lewis A. Kaplan
Sarah S. Vance             R. David Proctor

IN RE: COCA-COLA PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION (NO. II)                    MDL No. 2555

## SCHEDULE A

### Northern District of California

ENGURASOFF, ET AL. v. THE COCA-COLA COMPANY, ET AL., C.A. No. 4:13-03990
NOBLES, ET AL. v. COCA-COLA REFRESHMENTS USA, INC., ET AL., C.A. No.
   4:13-05017
MERRITT v. BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES, ET AL.,
   C.A. No. 4:14-01067
AUMILLER v. COCA-COLA COMPANY, ET AL., C.A. No. 4:14-01447

### Northern District of Illinois

SOWIZROL v. COCA-COLA COMPANY, ET AL., C.A. No. 1:14-01914

### Eastern District of New York

LAZAROFF, ET AL. v. THE COCA-COLA COMPANY, ET AL., C.A. No. 1:14-01763