Keith M. Fleischman (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
THE FLEISCHMAN LAW FIRM, PLLC
565 Fifth Avenue, Seventh Floor
New York, New York 10017
Telephone: (212) 880-9571
Fax:  (917) 591-5245
keith@fleischmanlawfirm.com
bsilverman@fleischmanlawfirm.com

Don Barrett (admitted *pro hac vice*)
Brian K. Herrington (admitted *pro hac vice*)
BARRETT LAW GROUP
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com

*Lead Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE COCA-COLA PRODUCTS MARKETING AND SALES PRACTICES LITIGATION (No. II) | Case Nos. 4:14-md-02555-JSW<br><br>[PROPOSED] ORDER REGARDING ORGANIZATION OF PLAINTIFFS' COUNSEL, AND PROTOCOLS THIS DOCUMENT APPLIES TO ALL FOR COMMON BENEFIT WORK AND EXPENSES |

JEFFREY S. WHITE, United States District Court Judge:

The Court believes that it is prudent to define the authority, duties, and responsibilities of Lead Counsel, members of the Plaintiffs' Steering Committee, and other attorneys authorized by Lead Counsel to work in this litigation. The Court also wishes to set specific guidelines and rules for staffing, fees, expenses, and billing records. Nothing in this Order shall be interpreted to affect any proceedings other than those involving the authorities, duties, responsibilities, guidelines, and rules of and for plaintiffs' counsel, as discussed herein.

## I. AUTHORITY, DUTIES, AND RESPONSIBILITIES OF PLAINTIFFS' COUNSEL

The specific duties to be undertaken by Plaintiffs' Lead Counsel and members of the Plaintiffs' Steering Committee are as follows:

### A. Co-Lead Counsel

In an Order dated 05/28/15 (Docket No. 53), the Court appointed the following counsel as Plaintiffs' Co-Lead Counsel ("Lead Counsel"): The Fleischman Law Firm and and Barrett Law Group, PA.

Lead Counsel has overall responsibility for the prosecution of the cases in this MDL action through all pretrial proceedings. Specifically, Lead Counsel shall

(1) determine (after such consultation with members of the Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on matters arising during the coordinated pretrial proceedings;

(2) coordinate the initiation and conduct of discovery on behalf of the Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

(3) delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted effectively, efficiently and economically;

[PROPOSED] ORDER
Case Nos. 4:14-MD-02555-JSW

1

(4) enter into stipulations with opposing counsel necessary for the conduct of the multi-district litigation ("MDL");

(5) convene meetings of the Steering Committee for the purpose of discussing matters of common concern;

(6) organize themselves and agree on a plan for conducting the MDL on behalf of all Plaintiffs;

(7) assess members of the Steering Committee and other counsel performing authorized common benefit work common benefit payments into a Common Benefit Fund for "shared costs" ("shared cost" being defined below), in amounts and at times they determine to be necessary and appropriate in consultation with the Steering Committee, collect payments, maintain an account, pay generic expenses in accordance with this order, and account to the Steering committee and the Court upon request as to the collection and use of such funds;

(8) brief and argue motions for the Plaintiffs and file opposing briefs and argue motions and proceedings initiated by other parties;

(9) consult with and employ expert witnesses;

(10) maintain time and expense records for work performed, and costs incurred, and report with reasonable regularity, in writing, to the Steering Committee, concerning expenses, disbursements, and receipts;

(11) monitor work performed by the Steering Committee, and other class counsel;

(12) perform all tasks necessary to carry out the functions of Lead Counsel and to properly coordinate Plaintiffs' pretrial activites;

(13) form task-specific subcommittees of counsel as appropriate;

(14) designate Plaintiffs' counsel authorized to attend hearings and depositions;

(15) negotiate settlements subject to Court approval on behalf of Plaintiffs;

(16) if there is a settlement, propose a plan of allocation; and

(17) coordinate and communicate with Defendants' counsel with respect to the matters addressed in this paragraph.

[PROPOSED] ORDER
Case Nos. 4:14-MD-02555-JSW

2

No discovery or other common action or work in this litigation will be undertaken on behalf of Plaintiffs except at the direction or with prior permission in writing of Lead Counsel; unauthorized work by any Plaintiffs' counsel shall not be compensable.

### B. Steering Committee

This Court has previously appointed the following counsel to the Plaintiffs' Steering Committee: Keith Fleischman, Don Barrett, Pierce Gore, Robert A. Clifford, Mark L. Knutson, Reginald Von Terrell, Timothy Howard, Charles LaDuca, and Thomas Thrash. Charles LaDuca's resignation is accepted and his position is awarded to his partner Jonathan Cuneo. Dewitt Lovelace of Lovelace Law Firm, and Zona Jones of Provost Umphrey Law Firm, L.L.P, are likewise appointed as additional members of the Steering Committee.

The duties and responsibilities of the Steering Committee are as follows. The Steering Committee shall, subject to the prior approval of Lead Counsel:

    (1) from time to time consult with Lead Counsel in conducting the Plaintiffs' coordinated pretrial activities and in planning for trial;

    (2) recommend procedures to Lead Counsel for documenting and monitoring costs and the computing of potential common benefit time;

    (3) contribute to the Common Benefit Fund for "shared costs" (as defined below); and

    (4) otherwise assist Lead Counsel, as requested, in their discharge of their aforesaid duties and responsibilities.

## II. ADOPTION OF CASE MANAGEMENT PROTOCOLS

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues. The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel." "Participating Counsel" shall be defined as the Lead Counsel, the members of the Steering Committee (along with members and staff of their respective firms), and any other counsel authorized

by Lead Counsel who desire to be considered for common benefit compensation. Counsel are forewarned that no application for approval to incur common benefit fees, costs, or expenses will be considered by this Court unless counsel have first obtained approval from Lead Counsel.

Participating Counsel shall be eligible to receive attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for common benefit of Plaintiffs; (b) appropriately authorized by Lead Counsel; (c) timely submitted, (d) reasonable; and (e) approved by this Court. Participating Counsel who seek to recover Court-awarded attorneys' fees, costs, and expenses in connection with this litigation shall keep a daily, contemporaneous record of their time and expenses, noting with specificity the amount of time, billing rate, and particular activity, along with a brief note indicating the source of authorization for the activity in question.

Participating Counsel, shall agree to the terms and conditions herein, including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the award and allocation of common benefit attorney's fees and awards for cost and expense reimbursements in this matter.

### A. Common Benefit Work

#### 1. Authorization of Compensable Common Benefit Work

Authorized "Common Benefit Work" includes assignments made by Lead Counsel as set forth above. Unless specifically and explicitly authorized in writing, no time expended in this litigation will be considered for payment or should be submitted.

### B. Timekeeping and Submission of Time Records

All time must be accurately and contemporaneously maintained. Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours and billing rate, along with a brief note indicating the source of authorization for the activity in question and a brief description of the particular activity

(such as "conducted deposition of John Doe as authorized by [name of Lead Counsel]"). Time submissions shall be made to Lead Counsel on a monthly basis, in accordance with the guidelines set forth herein and using forms recommended by the Steering Committee and selected by Lead Counsel. Lead Counsel may retain those completed forms for later submission to this Court if and when necessary. The first submission is due on August 10, 2015, and shall include all time and expense through July 30, 2015. Thereafter, all time and expense records shall be submitted on the 10th of each month and shall cover the time period through the end of the preceding month. Time entries that are not sufficiently detailed will not be considered for payment of Common Benefit fees. All time for Common Benefit Work by each firm shall be recorded and maintained in tenth-of-an-hour increments. The failure to secure authorization from Lead Counsel to incur Common Benefit time and expenses, or to maintain and timely provide such records or to provide a sufficient description of activity, will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part.

    **C.** **Common Benefit Expenses**

        **1.** **Shared Costs**

"Shared Costs" are costs that will be paid out of the Common Benefit Fund administered by Plaintiffs' Lead Counsel. Each Steering Committee member, Liaison Counsel and Federal/State Liaison Counsel shall contribute to the Common Benefit Fund at times and in amounts sufficient to cover plaintiffs' expenses for the administration of this MDL. The timing and amount of each assessment will be determined by Plaintiffs' Lead Counsel, in consultation with the Steering Committee, and each assessment will be paid within 30 days as instructed by Plaintiffs' Lead Counsel. Failure to pay assessments will be grounds for the removal from the appointments made in this Order or other common benefit assignments. Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL. All Shared Costs must be approved by Lead Counsel prior to payment.

All costs that meet these requirements and fall under the following categories shall be

considered Shared Costs and qualify for submission and payment directly from the Common Benefit Fund:

    a.    court, filing, and service costs related to common issues;

    b.    deposition and court reporter costs for depositions (excluding those that are client-specific);

    c.    document depository creation, operation, staffing, equipment and administration;

    d.    Steering Committee administration matters (e.g., expenses for Equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.);

    e.    Steering Committee administration matters, such as meetings and conference calls;

    f.    legal and accountant fees, relating to the Steering Committee Fund;

    g.    expert witness and consultant fees and expenses for experts whose opinions and testimony would be generic and for the common benefit of a substantial number of cases;

    h.    printing, copying, coding, scanning related to the above (out-of-house or extraordinary firm costs);

    i.    research by outside third party vendors/consultants/attorneys, approved by Lead Counsel;

    j.    translation costs related to the above;

    k.    bank or financial institution charges;

    l.    investigative services, approved by Lead Counsel; and

    m.    any assessment paid by any member firm of the Steering Committee.

Lead Counsel shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith. Requests for payments from the Common Benefit Fund shall include sufficient information to permit Lead Counsel to account properly for costs and to provide adequate detail to the Court.

[PROPOSED] ORDER
Case Nos. 4:14-MD-02555-JSW

### 2. Held Costs

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when Lead Counsel and the Steering Committee determines to do so. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all plaintiffs in this MDL. No client-specific costs can be considered Held Costs, other than certain Common Benefit costs relating to future bellwether cases at the discretion of Lead Counsel and the Steering Committee. Held Costs shall be recorded in accordance with the guidelines set forth herein. They shall be subject to the following limitations:

#### a. Travel Limitations

Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved by Lead Counsel, all travel reimbursements are subject to the following limitations:

i. **Airfare:** Ordinarily, reasonable coach fare seats will be reimbursed. Business/First Class Airfare will not be reimbursed. In the event that non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of the amount of a reasonable coach fare under similar circumstances.

ii. **Hotel:** Hotel room charges for reasonable room rates of a business hotel, such as the Hyatt, Hilton, Sheraton, Westin, and Marriott hotels, in the city in which the stay occurred, will be reimbursed. Luxury hotels will not be fully reimbursed but, rather, will be reimbursed at the reasonable room rate of a business hotel under similar circumstances.

iii. **Meals:** Meal expenses must be reasonable. There will be no reimbursement for alcoholic beverages, room service, mini-bar items, or movies.

iv. **Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

v. **Automobile Rental:** Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles are available. Counsel must submit evidence of the unavailability of non-luxury vehicles. If luxury automobiles are selected when non-luxury vehicles are available, then

        the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form and only the non-luxury rate may be claimed.

    vi. **Mileage:** Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

  **b.** **Non-Travel Limitations**

    i. **Long Distance, Conference Call, and Cellular Telephone Charges:** Common Benefit long distance, conference call, and cellular telephone charges must be documented as individual call expenses in order to be compensable. Copies of the telephone bills must be submitted with notations as to which charges relate to the MDL. Such charges are to be reported at actual cost.

    ii. **Shipping, Overnight, Courier, and Delivery Charges:** All claimed Common Benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

    iii. **Postage Charges:** A contemporaneous postage log or other supporting documentation must be maintained and submitted for Common Benefit postage charges. Such charges are to be reported at actual cost.

    iv. **Telefax Charges:** Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $0.50 per page.

    v. **In-House Photocopy**: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is $0.15 per page.

    vi. **Computerized Research- Lexis, Westlaw, or Bloomberg:** Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the amount charged to the firm and appropriately allocated for these research services.

  **c.** **Verification**

The forms detailing expenses shall be certified by an attorney with authority in each firm attesting to the accuracy of the submissions. Attorneys shall provide receipts for all expenses.

[PROPOSED] ORDER
Case Nos. 4:14-MD-02555-JSW

8

Credit card receipts (not the monthly statements) are an appropriate form of verification so long as accompanied by a declaration from counsel that the charge was incurred for the common benefit.

### III. RESERVATION OF RIGHTS

Nothing in this order imposes any obligations on defendants or prejudices any rights defendants have and may assert. Defendants reserve all of their rights to object to all motions, stipulations, discovery, filings, or other proceedings filed, served, or proposed by any plaintiffs. Nothing in this order shall be construed as requiring particular motions, stipulations, discovery, filings, or any other action by a party, nor shall this order be interpreted as requiring any particular pre-trial or trial proceedings.

SO ORDERED.

Date: July 22, 2015

_____
JEFFREY S. WHITE
United States District Judge

[PROPOSED] ORDER
Case Nos. 4:14-MD-02555-JSW