UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: COCA-COLA PRODUCTS MARKETING AND SALES PRACTICES LITIGATION (NO. II)

Case No. 14-md-02555-JSW   (MEJ)

**DISCOVERY ORDER**

Re: Dkt. No. 76

## INTRODUCTION

Pending before the Court is the parties' Joint Discovery Letter in which Defendants[1] request to compel the production of discovery from named Plaintiffs relating to their "food purchasing habits" to test their reliance on Defendants' alleged misrepresentations. Dkt. No. 76. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

This Multi-District Litigation consists of several class actions in which Plaintiffs allege Defendants failed to disclose that phosphoric acid is used in Coca-Cola ("Coke") as an artificial flavor and chemical preservative. Jt. Ltr. at 1. Plaintiffs also allege that certain containers misrepresent that Coke has "*no artificial flavors. no preservatives added. since 1886.*" *Id.* According to Plaintiffs, they relied on Coke labels and containers in making their purchasing decisions, and they would not have purchased Coke had they known it contains artificial flavoring and chemical preservatives. *Id.*

The presiding judge, the Honorable Jeffrey S. White, has ordered that discovery proceed in

---

[1] Defendants are The Coca-Cola Company, Coca-Cola Refreshments USA, Inc., BCI Coca-Cola Bottling Company of Los Angeles, and Coca-Cola Bottling Company of Sonora, California Inc. Consolidated Compl. at 2 & ¶¶ 41-46.

phases: Phase 1 is limited to the issue of Plaintiffs' alleged reliance and is to be completed by September 18, 2015.  Dkt. No. 69.

On July 14, 2015, Defendants served discovery requests on Plaintiffs and asked them to provide available deposition dates.  Jt. Ltr. at 1.  The requests seek, among other things, information regarding: "Plaintiffs' past food and beverage purchases over the past five years; interrogatories to identify foods and beverages in Plaintiffs' possession, as well as all foods and beverages purchased in the past two weeks; interrogatories to identify stores and restaurants from which Plaintiffs have purchased food or beverages; and requests to inspect and photograph the foods and beverages in Plaintiffs' homes." *Id.* (footnotes omitted).

In a July 17, 2015 email and at a July 21, 2015 meet-and-confer, Plaintiffs raised various concerns about the requests, after which Defendants agreed to (1) narrow the scope of the requests to processed foods; (2) limit the time period for Request 18; and (3) allow Plaintiffs to produce photographs of foods and beverages in their homes in lieu of inspections.  *Id.* at 1-2.  Plaintiffs advised Defendants that these changes did not fully remedy their concerns, and Defendants now ask the Court to order Plaintiffs to comply with the discovery requests and provide dates for their depositions.  *Id.* at 2.

**DISCUSSION**

As an initial matter, Plaintiffs contend Defendants' motion is premature as they have not yet formally responded to Defendants' discovery requests.  *Id.* at 3.  The Court agrees.  Given that Plaintiffs have not yet responded to the discovery requests, if the Court were to issue an order now, it would essentially be providing an advisory opinion.  While Plaintiffs challenge Defendants' discovery requests on various grounds, they do not explicitly seek a protective order against the requests, *see* Fed. R. Civ. P. 26(c)(1); rather, Defendants seek an Order confirming that their requests are relevant and permissible and requiring Plaintiffs to respond.  The Court is sensitive to the parties' tight discovery schedule, but because resolution of these disagreements would amount to an advisory opinion at this time, the Court will not address them in this Order. *See S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 2007 WL 4374214, at *1 (E.D. Cal. Dec. 14, 2007) (finding plaintiffs' motion to compel discovery premature because it was filed

2

before defendants' discovery responses were due and noting "[t]his court does not render advisory opinions or offer legal advice."); *Frias Holding Co. v. Greenberg Traurig, LLP*, 2015 WL 4622591, at *5 (D. Nev. Aug. 3, 2015) (general and prospective discovery requests seeking advisory opinions are improper).

In this instance in particular, the Court does not find it appropriate to consider Defendants' motion prior to Plaintiffs' responses, because the parties' joint letter also does not provide enough clarity about the specific request numbers to which Plaintiffs may object.[2] While the Court can speculate about which requests might be objectionable, *see* Jt. Ltr. at 4 n.7 (listing examples of requests Plaintiffs indicate go beyond Phase I discovery), the overall lack of clarity about which requests are in dispute only underscores that this motion is premature. By the Court's count, Plaintiffs' responses are due within the week. Accordingly, the Court will consider any disputes when the proper time arrives and with more clarity as to which, if any, responses Plaintiffs actually refuse to provide.

Turning to the issue of scheduling the named Plaintiffs' depositions, the Court agrees with Defendants that it is time to set a deposition schedule. Plaintiffs are **ORDERED** to provide a complete list of named Plaintiffs and their available dates for deposition by August 17, 2015.

## CONCLUSION

Based on the analysis above, the Court **DENIES WITHOUT PREJUDICE** Defendants' request to compel discovery responses but **ORDERS** Plaintiffs to provide a complete list of the named Plaintiffs and their available dates for deposition by August 17, 2015.

**IT IS SO ORDERED.**

Dated: August 11, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[2] For instance, in their joint background, the parties state "[t]he disputed requests seek information pertaining to, *inter alia*" and list a variety of issues quoted on page 2 of this Order, above. *See* Jt. Ltr. at 1. While the parties' footnotes generally direct the Court to some of the specific requests, it is not clear whether those identified requests are the only requests Plaintiffs may object to or whether there are others. The Court's review of Defendants' Requests for Production and Interrogatories, as well as the parties' use of the term "*inter alia*," suggests their dispute is larger.