UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COCA-COLA PRODUCTS MARKETING AND SALES PRACTICES LITIGATION (NO. II)<br><br>This document applies to all actions. | Case No. 14-md-02555-JSW<br><br>**AMENDED ORDER ON MOTION TO CONSOLIDATE**[1]<br><br>Re: Docket No. 84 |

Now before the Court for consideration is the motion to consolidate filed by the Plaintiffs in the following cases: *Engurasoff v. The Coca-Cola Company, et al.*, 13-cv-3990; *Nobles v. The Coca-Cola Company, et al.*, 13-cv-5017; *Merritt v. The Coca-Cola Company, et al.*, 14-cv-1067; and *Aumiller v. The Coca-Cola Company, et al.*, 14-cv-1447 (the "Moving Plaintiffs"). The "Non-Moving Plaintiffs" are Plaintiffs in the following four actions: *Lazaroff v. The Coca-Cola Company, et al.,* 14-cv-3686, *Sowizrol v. The Coca-Cola Company, et al.*, 14-cv-3774, *Rankin v. The Coca-Cola Company, et. al.*, 14-cv-4274, and *Marino v. The Coca-Cola Company, et al.*, 14-cv-4356.

The Court has considered the parties' papers, including the supplemental briefs ordered by the Court, relevant legal authority, and the record in this case. The Court finds the motion suitable for disposition without oral argument, and it VACATES the hearing scheduled for October 2, 2015. *See* N.D. Civ. L.R. 7-1(b).

The Moving Plaintiffs ask the Court to consolidate the four cases listed above for all

---

[1] The Court issues this amended order to correct a typographical error at line 15, relating to the citation to *Nobles v. the Coca-Cola Company, et al.* In the original order, the Court incorrectly listed the case number as 13-cv-5071. This Amended Order contains the correct case number.

purposes, including trial. That request is GRANTED. The Non-Moving Plaintiffs have stated that they oppose consolidation "for all purposes," because they intend to move to remand their lawsuits to the transferor districts at the conclusion of pre-trial proceedings. This Court has never expressed an intention to consolidate all eight actions for all purposes, and the Order requiring supplemental brief was intended only to seek clarification as to why all eight matters should not be consolidated for *pre-trial* proceedings, as set forth in the Minute Order. In their reply brief, all Plaintiffs make clear that they do not oppose consolidating these matters for pre-trial proceedings, and Defendants also ask that the Court consolidate these matters for pre-trial proceedings.

Accordingly, each of these eight actions shall be consolidated for pre-trial proceedings. The Moving Plaintiffs' cases shall be consolidated for pre-trial proceedings and trial. The Court shall enter Defendants' proposed order on Pretrial Practice and Procedure, with the caveat that nothing in that Order shall alter any prior order of the Court, including, but not limited to the Court's Order, dated July 22, 2015, setting forth the authority and duty of lead counsel.

In their opposition brief, Defendants suggest the *Nobles* case should be dismissed. Plaintiffs correctly note that this is an issue that should be addressed by way of a properly noticed motion to dismiss.

**IT IS SO ORDERED.**

Dated: September 29, 2015

JEFFREY S. WHITE
United States District Judge