UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ENGURASOFF, et al., <br> Plaintiffs, <br> v. <br> COCA-COLA REFRESHMENTS USA, INC., et al., <br> Defendants. | Case No. 14-md-02555-JSW (MEJ) <br> **DISCOVERY ORDER** <br> Re: Dkt. No. 146 |

## INTRODUCTION

Defendant Coca-Cola has redacted information from email communications with third parties on the ground the information contains legal advice and is protected from disclosure. *See* Jt. Ltr. Br., Dkt. No. 146. Plaintiffs seek to compel Defendant to produce that information, arguing any privilege was waived when Coca-Cola disclosed the communications to third parties. *Id*. The undersigned previously ordered the parties to provide additional information in support of their positions (Order, Dkt. No. 147), which they supplied (Pls.' Suppl. Br., Dkt. No. 148; Kahn Decl., Dkt. No. 149; Ringer Decl., Dkt. No. 150; Ross Decl., Dkt. No. 151).

Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

**DISCUSSION**

Defendant's attorneys redacted information from 35 pages of documents on the ground the redacted information contains legal advice communicated between Coca-Cola counsel and certain third parties: CMA Design, Turner Duckworth, Christopher Weston, Schawk, Finished Art, and Cornerstone. *See* Jt. Ltr. Br., Ex. 1.[1]

Coca-Cola utilizes CMA Design, Turner Duckworth, and Christopher Weston to develop label designs. Kahn Decl. ¶¶ 4-5. It also utilizes Schawk and Finished Art to adapt label designs into final product labels and generate final label proofs. *Id*. ¶¶ 6-7. "Label content is subject to the approval of Coca-Cola's counsel. Accordingly, the Coca-Cola Legal Department provides input at multiple stages" of the label design and production process. *Id*. ¶ 8. Coca-Cola attorneys may communicate legal advice regarding the labels to these third parties. *Id*. ¶ 9. Coca-Cola attorneys also may communicate legal advice to Cornerstone regarding licensing of music for commercials. Ringer Decl. ¶ 5.

Coca-Cola Design Director, Frederic Kahn, submitted a declaration describing Coca-Cola's use of outside agencies and the communication of legal advice to those outside agencies. *See* Kahn Decl. He also reviewed the disputed email chains, and confirmed that the redacted

---

[1] The redactions appear to have been applied to 10 discrete communications, which Coca-Cola produced as part of multiple email chains. *See* Kahn Decl.

information constituted communications between Coca-Cola's counsel and the third party that was reasonably necessary to ensure counsel's recommendations could be reflected in the label design or proof. *See id.* ¶¶ 10, 12-13, 15-17, 19, 21-22. In each instance, Kahn identified the individual who sought or received advice from Coca-Cola counsel, confirmed that he forwarded such advice to the third party or that counsel communicated directly with the third party, and described the general topic of the advice. *See id.* Louis Ross, Coca-Cola Senior Packaging Graphics Manager, provided the same information for one of the email chains. *See* Ross Decl. ¶ 5. Stella Ringer, Coca-Cola Senior Manager of Entertainment Marketing, provided the same information for the final email chain. Ringer Decl. ¶ 5.

California Evidence Code section 952[2] includes in its definition of "confidential communication between client and lawyer" information that is

> transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship.

Coca-Cola argues the redacted information at issue is protected from disclosure because it constitutes legal advice disclosed to third parties to whom disclosure was reasonably necessary to accomplish the purpose of the legal advice, i.e., to ensure the final labels created and produced by the third parties reflected the legal advice provided. *See* Jt. Ltr. Br.

Kahn, Ross, and Ringer provide information, based on their personal knowledge, that supports Coca-Cola's assertion of the privilege with respect to each of the documents in dispute. The declarants confirm each redaction contains legal advice that was requested by and/or transmitted to a third party that was reasonably necessary to ensuring the legal advice would be reflected in the label designs or proofs, or in music licensing decisions. Coca-Cola has met its burden of demonstrating the third party agencies "needed to know" the legal advice in order to

---

[2] Defendant argues, and Plaintiffs do not substantively dispute, that California law applies to privilege determinations in this matter. *See* Jt. Ltr. Br. at 1 n.2, 3 n.6.

3

accomplish the purpose for which Coca-Cola hired them; as such, there was no waiver of the attorney client privilege based on the disclosure to these third parties. *See Insurance Co. of N. Am. v. Superior Court*, 108 Cal. App. 3d 758, 765-66 (1980) ("If the client discloses attorney-client communications to unnecessary third parties, he manifests an intent to waive confidentiality. [Cite.] The key concept here is need to know. While involvement of an *unnecessary* third person in attorney-client communications destroys confidentiality, involvement of third persons to whom disclosure is reasonably *necessary* to further the purpose of the legal consultation preserves confidentiality of communication." (internal citations omitted; emphases in original)). Coca-Cola has met its burden of demonstrating the redacted information is privileged, and is not discoverable under Rule 26(b)(1). *See QST Energy, Inc. v. Mervyn's*, 2001 WL 777489, at *2 (N.D. Cal. May 14, 2001) (describing burden-shifting test to establish privilege under California law, and finding privileged not waived by disclosures to third parties because log established these disclosures "were reasonably necessary to accomplish the purpose for which Defendants' counsel was consulted, they did not waive the privilege.")

In light of this finding, the undersigned does not reach Defendant's timeliness argument.

## CONCLUSION

Plaintiffs' request to compel the production of the redacted information is denied.

**IT IS SO ORDERED.**

Dated: May 3, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge