UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**IN RE COCA-COLA PRODUCTS MARKETING AND SALES PRACTICES LITIGATION (No. II)**

This document relates to all actions.

Case No. 14-md-02555-JSW

**ORDER DENYING MOTION TO STAY**

Re: Dkt. No. 220

Now before the Court for consideration is Defendants' motion to stay these proceedings pending a ruling from the United States Court of Appeals for the Ninth Circuit on Defendants' motion for permission to appeal this Court's Order granting, in part, and denying, in part, Plaintiffs' motion for class certification ("Class Certification Order"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument.[1] *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing set for April 24, 2020, and it HEREBY DENIES Defendants' motion.

Because the facts underlying the merits of the dispute are set forth in the Court's Class Certification Order, the Court shall not repeat them here. The Court will address additional relevant facts in the analysis.

**ANALYSIS**

Defendants move to stay pursuant to Federal Rule of Civil Procedure 23(f), which permits a party to appeal an order granting or denying class-certification. However, "[a]n appeal does not stay proceedings in the district court unless the district court or the court of appeals so orders." *Id.*

---

[1] Defendants did not file a reply within the time period permitted under the Northern District Civil Local Rules, and they did not seek to extend that deadline.

The Court considers the following four factors in determining whether to grant a motion to stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). These factors are examined on a flexible "continuum," which is "essentially the same thing as the 'sliding scale' approach" applied to requests for preliminary injunctions. *Id.* at 964-66. Accordingly, "the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 964.

On the first factor, Defendants need not show that it is "more likely than not" that they will prevail on appeal. Rather, Defendants must show they have a "substantial case for relief on the merits," which the Ninth Circuit has variously defined as a "reasonable probability," a "fair prospect," or that "serious legal questions are raised." *Id.* at 967-68. "A party meeting this lower threshold is not required to show that it is more likely than not to win on the merits … but must then demonstrate that the balance of hardships under the second and third factors tilts sharply in its favor." *Morse v. Servicemaster Global Holdings, Inc.*, No. 10-cv-0628-SI, 2013 WL 123610, at *2 (N.D. Cal. Jan. 8, 2013) (citations omitted).[2]

Defendants argue the Court misapplied *Davidson v. Kimberly Clark*, 889 F.3d 956, 967 (9th Cir. 2018) and that its decision is legally at odds with other district courts within the Ninth Circuit. As the Court noted a key factual dispute in this case is whether phosphoric acid is or is not an artificial flavor or preservative as it is used in Coke. Moreover, Plaintiffs' challenges to Coke's labels are not limited to whether they comply with FDA regulations. Plaintiffs contend the labels are misleading because they suggest Coke does not contain artificial flavors or preservatives. Unlike the cases on which Defendants rely to demonstrate a split in authority, the Court determined that, on the facts of this case, that was not an issue that could be resolved simply

---

[2] Contrary to Plaintiffs' arguments, the fact that the Court issued a Phase III scheduling Order was not an indication of its views of the merits of this motion. The Court simply concluded an in-person case management conference hearing was not necessary.

by reviewing the information currently contained on the labels.[3] The Court finds Defendants' arguments on the issue of whether Plaintiffs will be able to put forth evidence of materiality on a class-wide basis to be similarly unpersuasive.

Accordingly, the Court finds the first factor does not weigh in favor of a stay. Further, even if the Court were able to conclude that Defendants had raised "serious legal questions," for the reasons that follow, the Court would find that the balance of hardships under the remaining factors do not tilt "sharply" in favor of a stay.

As to the second factor, Defendants argue they would be harmed if they must proceed with Phase III discovery, which they contend will be hotly disputed. Defendants do not address the fact that Plaintiffs have pursued common law claims. The Court denied the motion to certify classes on those claims, but they are still a part of this litigation. With respect to the third factor, the harm to Plaintiffs, this case is one of the older cases on the Court's docket. The parties have not yet started discovery on the merits of Plaintiffs' claims; further delays "may compromise Plaintiffs' ability to call relevant witnesses," and witnesses' "memories may fade." *Andrews v. Plains All Am. Pipeline, L.P.*, No. CV 15-4113 PSG (JEMx), 2018 WL 4191409, at *4 (C.D. Cal. Aug. 28, 2018) (internal quotations and citations omitted).

Finally, the Court concludes the fourth factor, the public interest, is neutral.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion for a stay pending the resolution of its motion for permission to appeal.

**IT IS SO ORDERED.**

Dated: March 26, 2020

_____
JEFFREY S. WHITE
United States District Judge

---

[3] Defendants also did not argue that Plaintiffs' claims for injunctive relief based on the phrase "original formula" and on the "Pemberton Claim" were moot.

3